# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 15, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RICKY WARD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0234**  (BOR Appeal No. 2048836)
(Claim No. 2012031245)

**ARCELORMITTAL USA XMB PRINCETON DIVISION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Ward, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Arcelormittal USA XMB Princeton Division, by Michael Kawash, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2014, in which the Board affirmed a September 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 8, 2012, decision closing Mr. Ward's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ward injured his cervical spine on March 22, 2012, when he was struck on the back of the neck by a mine belt structure and the claim was subsequently held compensable. Following the compensable injury, Mr. Ward began treating with Rebekah Austin, M.D., who opined that he is unable to return to work in his pre-injury position of underground coal miner and recommended a course of conservative treatment aimed at helping him reach maximum medical improvement.

On November 14, 2012, J. Travis Burt, M.D., performed an independent medical evaluation and opined that the treatment Mr. Ward has received to date has yielded no meaningful improvement. He determined that Mr. Ward had reached maximum medical improvement and opined that there is no compelling reason not to release Mr. Ward to return to work. On December 8, 2012, the claims administrator closed Mr. Ward's claim for temporary total disability benefits.

On June 3, 2013, Dr. Austin was deposed. She testified that although Mr. Ward cannot return to his pre-injury position as an underground coal miner, she would not classify him as totally disabled and feels that he is capable of performing at the light physical demand level. She further testified that it is her understanding that Mr. Ward has returned to light duty employment with Arcelormittal USA, and that his duties include tracking underground coal miners via computer screen.

In its Order affirming the December 8, 2012, claims administrator's decision, the Office of Judges held that Mr. Ward is no longer entitled to temporary total disability benefits because the evidence of record demonstrates that he has reached maximum medical improvement and has returned to work. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 12, 2014. On appeal, Mr. Ward asserts that the evidence of record demonstrates that he is entitled to additional temporary total disability benefits.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. Dr. Burt determined that Mr. Ward had reached maximum medical improvement on November 14, 2012, approximately one month before the claims administrator's closure of the claim for temporary total disability benefits. Dr. Burt's determination that Mr. Ward has reached maximum medical improvement was confirmed by a subsequent independent medical evaluation performed by Bruce Guberman, M.D. Moreover, Mr. Ward's own treating physician, Dr. Austin, testified that he is not totally disabled. As Mr. Ward was determined to have reached maximum medical improvement prior to the claims administrator's closure of the claim for temporary total disability benefits, he is not entitled to further temporary total disability benefits pursuant to West Virginia Code § 23-4-7a. The provisions of West Virginia Code § 23-4-7a further bar Mr. Ward from receiving additional temporary total disability benefits as he has actually returned to work, albeit in a different position, with his pre-injury employer.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II